IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM YUNCKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-629-SLR |
| | ) |
| TOM LYERLA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of October, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A; and that plaintiff's request for counsel is denied as moot, for the reasons that follow:

1. **Background**. Plaintiff William Yunckes ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

4. The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to

infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

      6. **Discussion**. Plaintiff alleges that he suffers from "extreme" back conditions and is in need of lower back surgery. Plaintiff was housed within the Arizona Department of Corrections ("ADOC") and, on January 28, 2009, transferred to the VCC, a prison within the Delaware Department of Correction ("DDOC). Plaintiff alleges that, prior to the transfer, the ADOC was aware of his need for surgery. Upon arrival in Delaware, defendant Correctional Medical Services ("CMS") took plaintiff's medication because it was not on its formulary, and he has not been provided with comparable medication. Subsequent to his transfer, plaintiff has seen defendant Dr. Rodgers ("Dr. Rodgers"). He alleges that, on certain occasions, Dr. Rodgers provides treatment but, on other occasions, he does not. Plaintiff alleges that the medication he receives is inadequate and is allowed to lapse for weeks at a time. Exhibits to the complaint indicate that plaintiff receives a number of medications. He claims that, because of the deprivations, he experiences daily pain, all as a result of the deliberate indifference of CMS, the DDOC and its agents.

      7. Plaintiff seeks injunctive relief from CMS and the DDOC, a return to the ADOC so that he may receive proper medical care, and compensatory damages. He also requests counsel.

3

8. **Eleventh Amendment Immunity.** Named as a defendant is the DDOC, an agency of the State of Delaware. The claim is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

9. The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted) (not published). Consequently, plaintiff's claim against the DDOC has no arguable basis in law or in fact, is frivolous and, therefore, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10. **Personal Involvement/Respondeat Superior.** Also named as defendants are Tom Lyerla ("Lyerla"), the director of the ADOC (i.e., Charles L. Ryan) ("ADOC director"), Carl Danberg ("Danberg"), Dr. Vallorsi ("Dr. Vallorsi"), Perry Phelps ("Phelps"), and the DDOC director of medical service ("DDOC medical director"). None of these defendants are named in the body of the complaint, but Lyerla, Danberg, and Phelps are mentioned in prison grievances submitted by plaintiff in the sections wherein he seeks relief.

11. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

12. It may be that plaintiff names several of the above-mentioned defendants on the basis of their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[1] See *Iqbal*, – U.S. –, 129 S.Ct. 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[2] *Iqbal*, –

---

[1] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See id.* at 1944. The Supreme Court found the allegations facially insufficient. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Robertson v. Sichel,* 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

[2] In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

5

U.S. –, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

13. Plaintiff does not associate any of his allegations with any of the above-mentioned defendants. Nor does he provide facts to support a claim against them. Indeed, it is clear in reading the complaint that the claims are facially insufficient. For the above reasons, the court will dismiss the claims against defendants Lyerla, ADOC director, Danberg, Dr. Vallorsi, Phelps, and the DDOC medical director as they lack an arguable basis in law or in fact and are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. **Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

15. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219

F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

16. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. Rather, the complaint alleges that plaintiff's medications were "taken away" because they were not on the formulary. Plaintiff's medications, however, were not discontinued as he alleges that the medications he receives are "not comparable." Exhibits indicate that plaintiff is prescribed Neurontin, Tylenol, and Robaxin, and is awaiting approval of Ultram. Additionally, it is clear from the complaint's allegations that plaintiff is receiving medical care. Indeed, the complaint and exhibits indicate that plaintiff receives medical treatment, albeit not to his liking. While plaintiff may disagree with his medical treatment, said disagreement is insufficient to establish a constitutional violation. Therefore, the court will dismiss the medical needs claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **Injunctive Relief**. In his prayer for relief, plaintiff asks for a transfer to return to the ADOC. The United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of

conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983); *accord Walls v. Taylor,* 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State,* No. 169, 2003 (Del. Dec. 29, 2003) (Delaware Supreme Court recognizes that prison officials have discretion to house inmates at the facilities they choose). Plaintiff is not entitled to the relief he seeks. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) the court will dismiss his prayer for relief that he be transferred.

18. **Request for Counsel.** Plaintiff's request for counsel is denied as moot. Plaintiff seeks counsel on the grounds that this case will require expert testimony. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

19. The complaint has not met the threshold inquiry of an arguably meritorious case and, therefore, the court need not make further inquiry. Accordingly, the request for counsel will be denied as moot.

20. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). Plaintiff's request for counsel is denied as moot

_____
UNITED STATES DISTRICT JUDGE